Madden, Judge,
delivered the opinion of the court:
Plaintiff was the successful bidder for a contract to manufacture and deliver 40,000 wool blankets to the Government. Plaintiff was notified of the award oii August 9, 1935, and was told that the contract would be dated August 12, and would require delivery of the blankets in specified installments, and that plaintiff was authorized to proceed immediately to perform the contract, pending the preparation of the formal papers.
Plaintiff did so proceed, without waiting for the signing of the formal contract. It did not receive its copy of that document until October 1. Plaintiff, not having had experience in the use of the olive drab dye nor the “tuck” nap *327 required for the blankets, was delayed in getting the order into production, as it had to call upon the services of a dye expert and a weaving expert. Plaintiff was late in its delivery of the first installment of the blankets, and also of some later installments, but it delivered the entire number of blankets within the 150 days specified in the contract for complete delivery. In making payments to plaintiff for the installment deliveries, however, the Government deducted y5 of 1 percent of the price of each unit for each day of lateness in the delivery of that unit. This deduction was provided for in Article 7 of the Schedule of Supplies, quoted in finding 1. These deductions amounted to $10,-144.07. Plaintiff’s contention is that the deductions should not have been made, and that it should recover them here. Plaintiff asserts several grounds for recovery.
First. Plaintiff urges that the provision of the contract for liquidated damages is unenforceable, because no actual damages were or could have been proved, and therefore the provision was for a penalty. We have no doubt that the Government can take from a contractor an enforceable agreement to perform his contract within a specified period, or receive compensation ratably diminished according to a reasonable scale for late performance. See Sun Printing & Publishing Assn. v. Moore, 183 U. S. 642, 659; United States v. Bethlehem Steel Co., 205 U. S. 105, 118. If this were not so, the Government would be practically helpless in regard to the time of performance of many of its contracts. If soldiers do not receive the blankets, or the guns, which are ordered for them, it would usually be impossible to prove that their discomfort or danger resulting from the delay caused a pecuniary loss to the Government. That would not mean that it was not important that the blankets or the guns be delivered on time, or that the Government should pay the full price for a late delivery, when it had agreed only to pay a lesser price for a late delivery.
Second. Plaintiff contends that time for delivery did not begin to run until the formal contract was delivered on October 1, and that, measuring from that date, all deliveries were within the specified periods and no liquidated damages were assessable. The formal contract, though executed later, was dated August 12. Plaintiff was advised in writing on *328 August 9 that the formal contract would be executed later, but would be dated August 12, and that the August 9 notice was plaintiff’s authority to proceed with performance. The periods for performance set in the August 9 notice had reference to measurement from August 12. Plaintiff so understood them, and, so far as it could, performed accordingly. It does not claim that it was in fact delayed by the fact that the formal contract was not. executed until later.
Third. Plaintiff urges that it was delayed by acts of the ■Government, and by unforeseeable difficulties which, according to Article 15 of the contract, excused late performance. The evidence does not support these contentions. It does not show that plaintiff was delayed at all by any act of the Government. And the difficulties with reference to the dyeing and weaving were not unforeseeable difficulties to a contractor which knew that the work was new to it, and would have to be started with the help of experts.
Plaintiff is, however, entitled to some of the money withheld from it. The contract, dated August 12, provided for the delivery of 5 percent of the blankets within 40 days, and for further installments at intervals of seven days thereafter. That happened to place each of the delivery days on Saturday. But the Form of Bid which was a part of the contract provided that the Philadelphia Depot, where deliveries were to be made, would not be open on Saturdays or Sundays and no deliveries would be accepted there on those days. Thus plaintiff was not in default on its delivery of each installment until the Monday following the date set for the delivery of the installment. If it had delivered on Monday, it would not have been in default at all, hence if it delivered on Wednesday, it was two days late, not four. In finding 6 the difference in the amount of liquidated damages resulting from counting the delay from Monday instead of Saturday is shown to be $851.08. Plaintiff is entitled to a judgment for that amount. It is so ordered.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of the case.